**UNITED STATES DISTRICT COURT**
**Western District of Texas**
**Austin Division**

| | | |
|---|---|---|
| ADALIA DUDLEY, | § | |
| *Plaintiff* | § | CASE NUMBER: 1:20-CV-228 |
| | § | |
| vs. | § | |
| | § | |
| ECCO 2018TX1, LLC, | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| LAWGIX LAWYERS, LLC, | § | |
| | § | |
| & | § | |
| | § | |
| TEXAS BONDING CO. | § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT

1.      Plaintiff Adalia Dudley brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendants' violations of the FDCPA and the TDCA.

## VENUE

2.      Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## THE PARTIES

3.      Plaintiff Adalia Dudley (**"Dudley"**) is an individual who resides in Travis County, Texas.

4.      Dudley is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

5.        Dudley is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

6.        Defendant ECCO 2018TX1 LLC ("**ECCO**") is a company organized and existing under the laws of Delaware. ECCO may be served by serving its registered agent at the following address:

> 28 Old Rudnick Lane
> Dover, DE 19901

7.        The principal purpose of ECCO is the collection of consumer debts.

8.        ECCO is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9.        ECCO is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

10.       ECCO is a "debt buyer" as defined by § 392.307(a)(2) of the TDCA.

11.       Defendant Lawgix Lawyers, Inc ("**Lawgix**") is a law firm and may be served by serving its registered agent at the following address:

> URS Agents, LLC
> 2610-2 N. Josey Lane, Suite 223
> Carrollton, TX 75007

12.       Lawgix describes itself as "an experienced collection litigation law firm."[1]

13.       Lawgix is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

14.       Lawgix is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

15.       Lawgix has on file the Texas Secretary of State bond number 100428142[2] wherein Lawgix is the principal and Texas Bonding Co. is the surety.

---

[1] See lawgixlawyers.com

[2] The principal on bond number 100428142 is "Suzanne Roberts dba Lawgix Lawyers, LLC".

16.     Defendant Texas Bonding Co. may be served by serving its registered agent at:

> National Registered Agents, Inc.
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201

## FACTUAL ALLEGATIONS

17.     Dudley was sued by Advantage Assets II, Inc. to recovery a consumer debt.

18.     The lawsuit was filed February 24, 2011 in Justice Court Precinct 2 of Travis County, Texas.

19.     The lawsuit was styled *Advantage Assets II, Inc. v. Adalia Dudley* and was case number 060412.

20.     The lawsuit was served on Dudley via sewer service.

21.     Black's Law Dictionary (11th ed. 2019) defines sewer service as "[t]he fraudulent service of process on a debtor by a creditor seeking to obtain a default judgment."

22.     Default judgment was granted against Dudley on December 15, 2011.

23.     For almost eight years very little, if anything, happened regarding the alleged debt and the default judgment.

24.     On December 17, 2019, ECCO filed a legal action to garnish the bank account of Dudley.

25.     ECCO alleged that it had been assigned the default judgment by Advantage Assets II, Inc.

26.     The case was styled *ECCO 2018 TX1 as assignee of Advantage Assets II, Inc. v. JPMorgan Chase Bank, N.A.* and was case number J2-CV-19-007742.

27.      "ECCO 2018 TX1" is a name other than the name stated on ECCO's articles of organization or comparable document.

28.    ECCO was represented by the law firm of Lawgix Lawyers, LLC.

29.    Dudley was again the victim of improper service.

30.    ECCO, by and through its lawyers at Lawgix, directed that the writ of garnishment be served on Dudley at an address she was unassociated with.

31.    At all relevant times, Dudley resided at the same Austin, Texas residence.

32.    Dudley's correct address was listed in the files of Justice of the Peace, Precinct 2 of Travis County, Texas.

33.    ECCO did effectuate proper service on JPMorgan Chase Bank, N.A. ("JPMorgan").

34.    In response to the writ of garnishment, JPMorgan froze Dudley's bank account.

35.    Dudley first became aware of this when she was unable to access her deposited funds.

36.    Dudley was upset and worried by her bank account being frozen because she did not initially understand why it had happened.

37.    Dudley was fearful that she would not be able to provide the essentials for her family because her access to her money had been cut-off.

38.    Dudley was even afraid that she might not be able to pay her mortgage and that her family would lose their home.

39.    At a hearing on the garnishment on February 26, 2020, ECCO, through its counsel Lawgix, gave to Dudley a document entitled "Judgment Breakdown–Adalia Dudley (as of February 26, 2020)".

40.    The Judgment Breakdown listed a total amount due of $6,905.05.

41.     ECCO does not have a $10,000 third-party debt collector bond filed with the Texas Secretary of State.

42.     The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

43.     The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

44.     Dudley, through counsel, informed Lawgix that ECCO did not have a third-party debt collector bond.

45.     Lawgix responded that ECCO was "not a third-party debt collector as defined by Texas law."

46.     Dudley, through counsel, informed Lawgix that ECCO did not register the assumed name "ECCO 2018 TX1" was the Secretary of State.

47.     Lawgix continued collection efforts for ECCO even after it was notified that ECCO was unbonded.

## COUNT I. VIOLATION OF TDCA § 392.101(a)

48.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

49.     Section 101(a) of the TDCA states:

```
(a) A third-party debt collector or credit bureau may not engage
in debt collection unless the third-party debt collector or
credit bureau has obtained a surety bond issued by a surety
company authorized to do business in this state as prescribed by
this section. A copy of the bond must be filed with the
secretary of state.
```

50.     ECCO engaged in debt collection without a bond on file with the Texas Secretary of State and therefore violated § 392.101(a).

51.     Dudley seeks not less than $100 for each violation of TDCA § 101(a).

**COUNTS II–VI. VIOLATIONS OF FDCPA § 1692e**

52.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

53.     Section 1692e of the FDCPA states:

```
A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any

debt. Without limiting the general application of the foregoing,

the following conduct is a violation of this section:

...

    (2) The false representation of—

        (A)the character, amount, or legal status of any

debt;...

    (4) The representation or implication that nonpayment of

    any debt will result in the... garnishment... of any

    property... unless such action is lawful...

    (5) The threat to take any action that cannot legally be

taken...

...

    (10) The use of any false representation or deceptive means

to collect or attempt to collect any debt...

...

    (14) The use of any business, company, or organization name

other than the true name of the debt collector's business,

company, or organization.
```

54.    ECCO made a false representation of the amount of a debt.

55.    ECCO represented that nonpayment of the default judgment would result in garnishment of Dudley's bank accounts but such action was unlawful.

56.    ECCO took action that cannot legally be taken.

57.    ECCO used an unregistered assumed name.

58.    Lawgix made a false representation of the amount of the debt.

59.    Lawgix represented that nonpayment of the default judgment would result in garnishment of Dudley's bank accounts but such action was unlawful.

60.    Lawgix took action that cannot legally be taken.

## COUNT III. VIOLATION OF TDCA § 392.304(a)(19)

61.    Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

62.    Section 304 of the TDCA states:

```
(a) Except as otherwise provided by this section, in debt
collection or obtaining information concerning a consumer, a
debt collector may not use a fraudulent, deceptive, or
misleading representation that employs the following practices:
....
    (19) using any other false representation or deceptive
    means to collect a debt or obtain information concerning a
    consumer.
```

63.    ECCO used a deceptive means to collect a debt by directing service of process for Dudley to an unassociated address when it had actual knowledge of her correct address.

64.    Lawgix used a deceptive means to collect a debt by directing service of process for Dudley to an unassociated address when it had actual knowledge of her correct address.

7

## REQUEST FOR RELIEF

65.    Plaintiff requests that this Court award her:

a. Actual damages;

b. Statutory damages;

c. Injunctive relief;

d. Costs; and

e. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com